**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

BRADLEY TALMADGE LIVINGSTON,    *

Plaintiff,    *

v.    *    Civil Action No. SAG-24-2561

JUDGE MARSHA L. RUSSELL, *et al.,*    *

Defendants.    *
    ***

<u>**MEMORANDUM**</u>

Bradley Talmadge Livingston ("Plaintiff"), who is self-represented, filed a civil rights action on September 4, 2024, against Maryland District Court for Baltimore County Judge Marsha L. Russell, New Jersey Superior Court Judge Magali Francois, the Maryland State Treasurer, the New Jersey Department of the Treasury, and New Jersey Superior Court Judge Mark T. Janeczko. ECF 1. Two of the Defendants, Judge Russell and the Maryland State Treasurer, have filed a motion to dismiss. ECF 12. For the reasons stated below, their motion must be granted and the Complaint must be dismissed against all of the named defendants without prejudice.[1]

I.    **Background**

Plaintiff's Complaint alleges that on August 27, 2024, Judge Marsha L. Russell, in Maryland, denied his request to shield peace order records from older Maryland cases. ECF 1 at 6. Plaintiff's Complaint further alleges that on August 26, 2024, Judge Magali Francois, in New Jersey, denied his request for a temporary restraining order against his ex-girlfriend. *Id.* Plaintiff attached 98 pages of documents to his Complaint which appear to relate to a number of incidents

---

[1] Plaintiff has also filed two motions: a motion for summary judgment, ECF 22, which is lacking a memorandum in support, and a motion to compel discovery, ECF 24. Because Plaintiff's Complaint against the defendants he has named must be dismissed for the reasons set forth herein, Plaintiff's two motions must also be denied.

including one or more parking disputes and a home inspection. His Complaint contains no specific factual allegations regarding the Maryland State Treasurer, the New Jersey Department of the Treasury, or Judge Janeczko.

## II.     Discussion

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from citizen suits in federal courts absent state consent or Congressional action. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Plaintiff has not identified any manner in which the state of Maryland (or, for that matter, the state of New Jersey) has waived such immunity. Therefore, the two state agencies (the Maryland State Treasurer and the New Jersey Department of the Treasury) are immune from suit in federal court and can only be sued in their respective state courts.

Additionally, three of the named Defendants are state judges whom Plaintiff has apparently sued for decisions made in their capacity as judges. This cause of action cannot be maintained because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226–27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."); *see also Lucas v. Henrico Cty. Public Sch. Bd.*, 767 F. App'x 444, 448 (4th Cir. 2019).

The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities.2 *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (*per*

---

2 The only non-monetary relief Plaintiff appears to seek is his cursory reference that the "defendants need their bar taken away." ECF 1 at 7. Decisions relating to bar licensure rest exclusively with the states and are not the purview of a federal court.

*curiam*). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from suit entirely. *Id*. at 11. Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman,* 435 U.S. 349, 355–56 (1978) (citation omitted); *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly).

In *Pierson v. Ray*, 386 U.S. 547 (1967), the United States Supreme Court granted certiorari to consider whether a judge was liable for damages under 42 U.S.C. § 1983 for an unconstitutional conviction. The Court explained the rationale for judicial immunity, *id.* at 553–54 (citations omitted):

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction .... This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences".... It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

The bar of absolute judicial immunity may be overcome in two limited sets of circumstances: (1) "for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (citing *Forrester*, 484 U.S. at 227–29). A judge acts in a judicial capacity when the function is one "normally performed by a judge" and when the parties "dealt

3

with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. The "relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'" *Mireles*, 502 U.S. at 13 (citing *Stump*, 435 U.S. at 362). Courts thus look to an "act's relation to a general function normally performed by a judge," to determine whether the act was judicial. *Id.*

Neither exception applies here. Plaintiff's claims against both Judge Russell and Judge Francois stem from rulings those judges made in court proceedings. Ruling on a pending case over which the judges had jurisdiction is the paradigmatic example of action covered by judicial immunity. Plaintiff provides no grounds to defeat the judicial immunity that applies to the defendant judges' determinations in his state court cases.

Finally, Plaintiff's claims against the two New Jersey judges and the New Jersey State Treasury ("the New Jersey Defendants") fail for the reasons described above, but this Court also lacks personal jurisdiction to adjudicate Plaintiff's claims against them. The Due Process Clause requires that a defendant have adequate "minimum contacts" with a forum state for personal jurisdiction to lie. *See ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Personal jurisdiction can either be general or specific. General personal jurisdiction "requires 'continuous and systematic' contacts with the forum state, such that a defendant may be sued in that state for any reason, regardless of where the relevant conduct occurred.'" *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 n.15 (4th Cir. 2009) (citing *Perkins v. Benguet Consol. Mining Co*., 342 U.S. 437, 438 (1952)). "Specific personal jurisdiction, on the other hand, requires only that the relevant conduct have such a connection with the forum state that it is fair for the defendant to defend itself in that state." *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 46 U.S.

408, 414–15 (1984)). In other words, "[i]f the defendant's contacts with the [forum state] are also the basis of the suit, those contacts may establish specific jurisdiction." *ALS Scan*, 293 F.3d at 711.

In the instant case, the plaintiff has not alleged any facts suggesting that the New Jersey Defendants engaged in systematic and continuous activity in Maryland. Nor has he alleged any facts suggesting that his claims are based upon contacts that these New Jersey residents have had with Maryland. In fact, his Complaint makes no factual allegations regarding actions taken by two of the three New Jersey residents, and as to Judge Magali Francois, the only allegation relates to a ruling made in New Jersey State Court. The attachments to Plaintiff's complaint consist in large part of records from New Jersey state proceedings. Because it is apparent from the face of the complaint that personal jurisdiction is lacking and there is no reason to believe that any New Jersey Defendant would waive this basis for dismissal, the court finds it appropriate to dismiss the case without prejudice, allowing Plaintiff to refile claims against those defendants in New Jersey if he so desires. *See Trujillo v. Williams*, 465 F.3d 1210, 1216–17 (10th Cir. 2006) (holding that a district court may sua sponte dismiss an action under 28 U.S.C. § 1915 for lack of personal jurisdiction "when the defense is obvious from the face of the complaint and no further factual record is required to be developed") (citation and internal quotation marks omitted); *see also Marin v. La Paloma Healthcare Ctr.*, 636 F. App'x. 586, 588 (3d Cir. 2016) (holding that the case was properly dismissed for lack of personal jurisdiction under § 1915 where "the lack of a connection between the Defendants and Pennsylvania [was] apparent from the face of the complaint.").

**III.    Conclusion**

For the foregoing reasons, the Complaint, as amended, shall be dismissed without prejudice. A separate Order follows.


  December 2, 2024                                              /s/
Date                                        Stephanie A. Gallagher
                                            United States District Judge

6